No. 45438.—Protest 1201–K/88617 of Sali & Lore Josef (Chicago).

Keefe, Judge: The plaintiffs in this case entered the United States with all of their personal and household effects with the intention of establishing their home in this country. The collector allowed exemptions from duty upon certain old worn used effects, 153 pieces of table silverware, linen table damask, a portable sewing machine, and a typewriter. However, duty at the appropriate rates was levied upon a variety of articles which were considered to be excluded from the provisions of paragraphs 1632 and 1798, Tariff Act of 1930. The plaintiffs contend that the articles are entitled to free entry under said paragraphs.

Paragraphs 1632 and 1798 under consideration provide as follows:

Par. 1632. Books, libraries, usual and reasonable furniture, and similar household effects of persons or families from foreign countries if actually used abroad by them not less than one year, and not intended for any other person or persons, nor for sale.

Par. 1798. Wearing apparel, articles of personal adornment, toilet articles, and similar personal effects of persons arriving in the United States; but this exemption shall include such articles as were actually owned by them and in their possession abroad at the time of or prior to their departure from a foreign country, and as are necessary and appropriate for the wear and use of such persons and are intended for such wear and use, and shall not be held to apply to merchandise or articles intended for other persons or for sale: * * *

At the trial it was established that the plaintiffs were married on June 8, 1938, in Palestine; that the articles were in the possession of the plaintiffs in Germany at least from a period beginning November 1, 1937; that they left Germany in the middle of February, 1938, the goods having been packed in January, 1938, for shipment to Palestine and there stored after arrival until the middle of April 1938, when the plaintiffs set up housekeeping; and that in February, 1939, the articles were packed for shipment to the United States.

The articles of wearing apparel or of personal adornment upon which duty was assessed consisted of 4 women's leather handbags, 6 pairs of women's leather gloves, 37 pairs of leather shoes, men's and women's, 1 pair of leather trousers, men's, and 2 sets of skis, wood. Mrs. Josef testified that the 4 leather bags were for her own personal use, and were all like the one she was carrying at the time of trial; and that the 6 pairs of gloves were for her own personal use. It was not shown whether or not the gloves were all of the same type although it appears in the agreement between counsel that there were two types. The 2 sets of skis consisted of items of personal effects that had been used by the plaintiffs while

residents of Germany. The leather trousers had been in the possession of Mr. Josef for several years and were a part of his wardrobe as well as the 1 pair of leather gloves. Mr. Josef testified that 18 pairs of the shoes were for his own personal use and 18 pairs belonged to his wife and that 1 pair was brought into the United States as a gift.

Paragraph 1798 provides for the free entry of wearing apparel, articles of personal adornment, and similar personal effects of persons arriving in the United States, provided the same were actually owned by them and in their possession abroad at the time of or prior to their departure. It is also provided that in order to merit free entry such articles shall be such as are necessary and appropriate for the wear and use of such persons and intended for such wear and use.

In assessing duty upon the aforesaid articles the collector has raised the issue as to whether or not the wearing apparel and similar personal effects consisted of articles actually owned by them and in their possession abroad before their departure to the United States; whether such articles are necessary and appropriate for the wear and use of the plaintiffs; and whether they are intended for such wear and use.

From the evidence before us we are of the opinion that the plaintiffs have failed to establish that 3 women's leather handbags, 4 pairs of women's leather gloves, and 37 pairs of leather shoes are necessary articles of wearing apparel; that is to say, such articles were not shown to have been reasonably essential articles of apparel inasmuch as from all that appears they were merely replicas and not necessary articles at the time of importation. The remainder of the articles of wearing apparel or similar personal effects, to wit, 2 pair of women's gloves, 1 pair of men's gloves, 1 woman's handbag, 1 pair of leather trousers, 2 sets of skis, are entitled to free entry under paragraph 1798, as claimed.

As to the articles claimed free of duty under paragraph 1632 the evidence establishes that the metal hollow ware, silver-plated; oil paintings; wood frame for needlepoint work; the embroidered articles; cotton towels; two clocks; two floor lamps; cotton curtains; cotton drapes; metal and steel enameled household utensils; down bedding; decorated porcelain tableware; decorated chinaware dinner set of 83 pieces; decorated chinaware set of 42 pieces; white china dinnerware set of 97 pieces; decorated earthenware salad set of 8 pieces; the blown glassware of 11 dozen pieces; and the wool blankets had been in the possession of Mrs. Josef and in her household and available for use for more than a year. It was further established that certain wool rugs and certain wood furniture was used by her for 2 months in the year 1937 and 11 months in the year 1938.

The evidence further established that certain electrical appliances were not available for use either in Germany nor in Palestine, to wit, one electric fan, one electric toaster, one waffle iron, one household iron, and one electric heating pad. Inasmuch as such articles, although in the household for a period of a year or more, were not available for use therein, and were purchased solely with the intention of use upon arrival in the United States, duty was properly assessed thereon by the collector. We are likewise of the opinion that an excessive quantity of toilet soap and toilet preparations is properly the subject of duty.

In view of the evidence presented we find that the merchandise covered by schedule A hereto attached and made a part hereof is properly entitled to free entry under the provisions of paragraph 1632 as household effects, or under paragraph 1798 as wearing apparel, and that the merchandise covered by schedule B hereto attached and made a part hereof, is properly dutiable as assessed by the collector.

Judgment will be rendered partly in favor of the plaintiffs, directing the collector to reliquidate the entry, and make refund accordingly.